**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul N. Papas, II,<br><br>  Plaintiff,<br><br>vs.<br><br>TZVI Bercovici,; et al.,<br><br>  Defendants. | No. CV 07-2338 -PHX-JAT<br><br>**ORDER** |

Pending before the Court are several motions filed by the parties: Plaintiff's Motion to File Documents Electronically (Doc. #4); Plaintiff's Motion to Declare Service Complete (Doc. #5); Defendants' Motion to Dismiss Counts VI, VII, and VIII (Doc. #7); Plaintiff's Motion to Amend/Correct to Add Attachment (Doc. #10); and Defendants' Motion to Strike re Plaintiff's Attachment to Reply (Doc. #13). The Court now rules on the motions.

**I.     BACKGROUND**

This case arises from Plaintiff Rev. Papas's hiring of Defendant All Inclusive to ship his household goods from Massachusetts to Arizona. When considering a motion to dismiss, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff and must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). During the fall of 2007, All Inclusive transported Rev. Papas's goods pursuant to a contract of carriage and bill of lading.    All Inclusive requested cash for the initial deposit of $600, but accepted a money order. The balance was

to be paid on delivery.

Rev. Papas met the All Inclusive truck at his Arizona residence on October 22, 2007. All Inclusive insisted that Rev. Papas pay the remaining balance in cash. When Rev. Papas could not pay them in cash, the drivers refused to unload the household goods.

On November 3, 2007, Defendant Tzvi Bercovici, owner/employee of Defendant All Inclusive, told Rev. Papas that the company had put his goods in storage and that Rev. Papas would have to pay the balance and storage charges before Mr. Bercovici would release the location of the storage unit. At the time he filed suit, Rev. Papas still did not have his household goods. Rev. Papas has sued Defendants for violation of 49 U.S.C. §14707, certain unspecified violations, intentional infliction of emotional distress, and negligence.

**II.   ANALYSIS AND CONCLUSION**

**A.   Motion to Dismiss Claims, to Strike, and for More Definite Statement**

Defendants have moved to dismiss Counts VI, VII, and VIII of Plaintiff's Complaint for failure to state a claim because the Carmack Amendment preempts Plaintiff's state law claims. Defendants also seek the dismissal of Defendants Bercovici and Careful Movers because they were the disclosed household goods agents of All Inclusive. Defendants further argue that the Court should strike either Count I or Count II because those two Counts are redundant. Finally, Defendants claim they cannot respond to Counts III, IV, and V because they are too vague and ambiguous to allow a response. Defendants therefore ask for a more definitive statement.

**1.   Standard of Review**

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the

> elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -65 (2007).

**2.     Discussion**

a.     Motion to Dismiss

Congress enacted the Carmack Amendment to the Interstate Commerce Act in 1906 to end diverse state regulation of interstate carriers' liability under bills of lading. *See Adams Express Co. v. E.H. Croninger*, 226 U.S. 491, 504-06 (1913). In enacting the amendment, Congress took possession of the subject and preempted state regulation. *Id.* at 505-06 (stating, "Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."). To allow state or local regulation to increase or decrease the liability of carriers would lead to a reversion to the "uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading, and the liability thereby assumed, are covered in full . . .." *Id.* at 506.

The Carmack Amendment created a uniform rule for liability of carriers that ship goods in interstate commerce. *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002). It therefore preempts state law claims arising from failures in interstate transportation and

1 delivery of household goods. *See, e.g., id.* Circuits have split, however, on whether
2 preemption extends to claims for emotional distress.

3 Defendants have moved to dismiss Counts VI, VII, and VIII based on Carmack
4 preemption. In response, Rev. Papas argues only that complete preemption[1] does not apply
5 and that Carmack does not preempt emotional distress claims. The Court will address each
6 Count in turn.

7 In Count VI, Plaintiff alleges that "Defendants have threatened to place a derogatory
8 statement on the plaintiff's credit report unless he pays for the move and storage by certified
9 check before they reveal the location of the plaintiff's household goods." (Compl. (Doc. #1)
10 ¶31). Plaintiff further alleges, "Thus, the defendants are threatening and intimating to violate
11 the Fair Credit Report Act in order to receive payment before revealing the location of
12 plaintiff's goods." (Doc. #1 ¶32).

13 The Carmack Amendment preempts state claims that arise out of losses resulting from
14 any failure by the carrier to discharge its duty as to any part of the agreed transportation.
15 *Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). But any loss in
16 Count VI resulted from Defendants' alleged threats to put a "derogatory statement" on
17 Plaintiff's credit report. That is conduct separate from Defendants' failure to deliver the
18 goods. The Carmack Amendment therefore does not preempt Count VI, and the Court will
19 not grant the motion to dismiss Count VI.

20 But the Court remains unsure about what cause of action Rev. Papas has attempted to
21 allege in Count VI. As explained later in this Order, the Court is ordering Plaintiff to restate
22 certain Counts of the Complaint. Plaintiff must also restate Count VI in his amended

23 ———

24 [1]Rev. Papas spends the majority of his response brief arguing against "complete
25 preemption." The Court engages in "complete-preemption" analysis only when a defendant
has removed a case, but no federal claim appears on the face of the complaint. This case was
26 not removed and the Complaint states a federal claim on its face. The complete-preemption
doctrine therefore does not apply. Rather, Defendants argue for a preemption defense or so-
27 called "ordinary preemption."

28
- 4 -

complaint and clearly indicate what statutory provision he believes Defendants violated or what his common law cause of action is.

Count VII alleges that Defendants breached their "duty" by not delivering the goods and acted outrageously, recklessly, willfully, wantonly, intentionally, and maliciously in doing so. (Doc. #1 ¶¶34-38). As a result of this willful breach of duty, Plaintiff alleges he has suffered "fright, sleeplessness, depression, general anxiety, severe emotional distress and mental suffering and manifestations of stress for being denied his household goods." (Doc. #1 ¶39). Count VIII reiterates that Defendants' negligence created unreasonable financial harm and uncertainty and emotional distress, which in turn caused physical harm to Plaintiff. (Doc. #1 ¶¶42-45).

Counts VII and VIII appear to allege state law claims for negligence and infliction of emotional distress. Both Counts arise from Defendants' failure to deliver Plaintiff's household goods, not from separate conduct as alleged in Count VI. Defendants argue that the Carmack Amendment preempts the state law claims in Counts VII and VIII. Plaintiff counters that Carmack does not preempt claims for emotional distress. He apparently concedes that Carmack preempts causes of action for the negligent failure to deliver goods.

The Circuit courts have split on whether the Carmack Amendment preempts claims for emotional distress resulting from a carrier's loss of, destruction of, or failure to deliver goods. In *Rini v. United Van Lines*, 104 F.3d 502, 503 (1st Cir. 1997), the plaintiff sued her carrier for violation of the Carmack Amendment and negligence, misrepresentation, use of unfair and deceptive practices, and intentional infliction of emotional distress. At trial, the plaintiff prevailed on her state law negligence, misrepresentation, and unfair practices claims. *Id*.

On appeal, the First Circuit addressed whether the Carmack Amendment preempted those claims. *Id*. The First Circuit held that it did; finding, "all state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted." *Id*. at 506 (emphasis in the original). Although preemption of the intentional infliction of emotional distress claim was not before it, the First Circuit, in dicta, stated, "On the other hand, liability

- 5 -

arising from separate harms – apart from the loss or damages of goods – is not preempted. . . . [A] claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods, and, as such, would not be preempted." *Id*.

In *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997), the Seventh Circuit relied in part on the *Rini* dicta in holding that the Carmack Amendment does not preempt state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce. The Seventh Circuit found that a claim for emotional distress alleges liability on a ground separate from the loss of or damage to goods. *Id*. It therefore held that the Carmack Amendment does not preempt a claim for intentional infliction of emotional distress.

The Eleventh and the Fifth Circuits have reached the opposite conclusion. The plaintiffs in *Smith*, 296 F.3d at 1245, sued UPS for fraud, negligence, wantonness, or willfulness, and outrage. The Smiths' relationship with UPS had deteriorated to such a degree that UPS refused to make regular deliveries to the Smiths and instead mailed "unable to deliver" notices to them. *Id*. Because Mr. Smith was blind, he could not read the notices or get the packages if his wife was not home. *Id*. at 1245-46. Consequently, some of the Smiths' packages were returned to the senders. *Id*. at 1246.

In discussing the reason for and the effect of the Carmack Amendment, the Eleventh Circuit stated, "To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Id*. The Smiths argued that the Carmack Amendment did not preempt their state law claims because they were separate from UPS's contract of carriage to deliver goods. *Id*. The Eleventh Circuit, however, found that the Smiths' fraud, negligence, wantonness, and willfulness claims all related to UPS's failure to deliver goods to the Smiths. *Id*. at 1247.

The Eleventh Circuit held that the Carmack Amendment preempted all of the Smiths' state claims because it preempts "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Id*. (internal quotations omitted).

1  Specifically, with regard to the outrage claim, the Eleventh Circuit held that the Carmack
2  Amendment preempted it because the claim was based on the same conduct – UPS's failure
3  to deliver packages. *Id*. at 1248. The court rejected the Smiths' argument that the claim was
4  not preempted because it remedied an injury to the person, rather than to the goods. *Id*. The
5  court concluded that in order for a claim to escape Carmack preemption, the claim must be
6  based on conduct separate and distinct from the failure to deliver goods. *Id*. at 1249 (stating,
7  "In other words, separate and distinct conduct rather than injury must exist for a claim to fall
8  outside the preemptive scope of the Carmack Amendment.").[2]

9     Likewise, in *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993), the Fifth
10 Circuit found that the Carmack Amendment preempted the plaintiffs' claims for intentional
11 and negligent infliction of emotional distress. The court stated that to hold otherwise "could
12 only lead to the morass that existed before the Carmack Amendment." *Id*.

13    The Court finds the Eleventh and Fifth Circuit opinions persuasive. All of Rev.
14 Papas's claims, other than the claim stemming from Defendants' alleged threat to besmirch
15 his credit report, arise from the same conduct –  Defendants' failure to deliver his goods.
16 Papas's contract of carriage/bill of lading covers that conduct. And the better view requires
17 separate conduct, rather than separate injury, to escape Carmack Amendment preemption.

18    Rev. Papas's remedies for the failure to deliver the goods therefore are limited to those
19 provided under the Carmack Amendment, which governs contracts of carriage for interstate

---

[2]In more detail, the Eleventh Circuit stated:

> The Smiths allege outrage in that the "actions of [UPS] to deny deliveries to [them] have been intentional and have been designed to inflict emotional distress." [R. Vol. 1 Tab 1.] Although the Smiths seek a remedy for an injury to their person, the claim results solely from the loss of and misdelivery of their goods. Therefore, the Smiths' outrage claim is embraced by the preemptive effect of the Carmack Amendment.

*Smith*, 296 F.3d at 1249.

moves. To hold that Plaintiff can recover more than Carmack allows would defeat the uniformity Congress sought in enacting the amendment. *See Adams Express*, 226 U.S. at 505-07. The Court will grant Defendants' motion to dismiss Counts VII and VIII.

Defendants argue that Carmack preempts claims for compensatory and punitive damages and attorneys' fees. But damages are forms of relief, not separate causes of action. The Court therefore will not make any rulings regarding the relief recoverable at the motion to dismiss stage. Nor will the Court make a premature ruling regarding attorneys fees.

In addition to moving for the dismissal of certain Counts, Defendants move to dismiss Defendants Mr. Bercovici and Careful Movers. Defendants argue that as the disclosed household goods agents of All Inclusive, Mr. Bercovici and Careful Movers are not independently liable under the Carmack Amendment. The Carmack Amendment holds motor carriers responsible for all the acts of any of their agents that relate to the transportation services and that are within the actual or apparent authority of the carrier. 49 U.S.C. §13907. Defendants cite to cases that have held that the agents are not also independently liable. *See, e.g., Werner v. Lawrence Transp. Sys., Inc.*, 52 F.Supp.2d 567, 568-69 (E.D.N.C. 1998)(stating, "Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract.").

In response, Rev. Papas argues that Mr. Bercovici and Careful Movers are "proper parties as they were a cause and contributor to the cause of the emotional harm of Plaintiff." (Doc. #21, p. 19).[3] The Court has dismissed Plaintiff's emotional distress claims, so Mr. Bercovici and Careful Movers will not stay in the case on that basis. Nor has Rev. Papas refuted Defendants' argument that Mr. Bercovici and Careful Movers are not proper

---

[3]In addition to his response to the motion to dismiss (Doc. #21), Rev. Papas also filed a response to Defendants' reply (Doc. #24). The Court will not consider this second "response" because it was filed without leave. The rules of civil procedure contemplate a motion, a response, and a reply and nothing further without leave.

- 8 -

1 defendants on the Carmack Amendment claims. The Court therefore will dismiss the
2 Carmack Amendment claims against them. The Court, however, will not dismiss them
3 entirely from the case because Rev. Papas may restate an adequate claim against them in his
4 Amended Complaint.

                              b.      Motion to Strike Count I or Count II

Defendants have moved to strike either Count I or Count II as redundant. Federal Rule of Civil Procedure provides that a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Count I of the Complaint reads in its entirety:

> 15. Plaintiff re-alleges all paragraphs above.
>
> 16. Defendants have failed to deliver, unload and setup the plaintiff's household goods at his new home in Arizona as listed on the Bill of Lading in violation of 49 USCA 14707 and as contracted with the plaintiff.
>
> 17. Thus, the defendants have improperly denied the plaintiff use of his property in violation of 49 USCA 14707.

(Doc. #1 ¶¶15-17). Count II reads:

> 18. Plaintiff re-alleges all paragraphs above.
>
> 19. Defendants failed to place the plaintiff's household goods in storage at defendant's expense and failed to notify the plaintiff [sic] the location of his property and failed to deliver, unload setup his property at his new home in Arizona as stated in the booklet titled "Your Responsibilities When You Move".
>
> 20. Thus, the defendants failed to follows [sic] the rules set forth by the DOT in violation of 49 USCA 14707.

(Doc. #1 ¶¶18-20). In his response to the motion to dismiss, strike, and for a more definite statement, Plaintiff did not counter Defendants' argument that Counts I & II are redundant. Both Counts allege violations of 49 USCA 14707, but based on slightly different facts and on slightly different theories – violation of the Bill of Lading vs. violation of a booklet. The Court cannot say that the Counts are identical. The Court therefore will deny the motion to strike.

- 9 -

### c. Motion for More Definite Statement

Defendants argue that Counts III, IV, and V of the Complaint are so indefinite and vague that Defendants "cannot ascertain the nature of the cause of action asserted, whether the cause of action is preempted by the Carmack Amendment or whether the cause of action has already been asserted elsewhere in the Complaint." (Doc. # 7, pp. 14-15). Rev. Papas did not refute that argument in his response. Pursuant to Federal Rule fo Civil Procedure 12(e), the Court may entertain a motion for a more definite statement of a pleading that is so vague or ambiguous that the responding party cannot reasonably prepare a response.

After reviewing the Counts in question, the Court agrees with Defendants that the Counts are overly vague. The Court therefore will grant the motion for more definite statement. Rev. Papas must filed an Amended Complaint restating Counts III, IV, and V to clarify what statutory section(s), what specific regulation(s), or what common law he alleges Defendants have violated.

In summary, after reviewing Defendants' motion to dismiss, to strike, and for a more definite statement (Doc. #7), the Court will grant the motion to dismiss Counts VII and VIII, but deny the motion to dismiss Count VI. The Court will grant the motion to dismiss Defendants Mr. Bercovici and Careful Movers with regard to any Carmack Amendment claims against them, but will not dismiss them from the case all together. The Court denies the motion to strike either Count I or Count II for redundancy. The Court grants the motion for more definite statement for Counts III, IV, and V, and sua sponte orders a more definite statement for Count VI.

### B. Motion to File Documents Electronically

Rev. Papas has moved for permission to file documents electronically. (Doc. #4). The Court will deny that motion.

### C. Motion to Declare Service Complete

Rev. Papas has moved to have the Court declare service complete (Doc. #5). This motion essentially seeks an advisory opinion that Rev. Papas has satisfactorily served all

Defendants. The Court will not issue an advisory opinion and therefore denies the motion.

### D. Motion to Amend/Correct to add Attachment

Rev. Papas has filed a Motion for attachment asking the Court to attach Defendants' assets in the amount of $150,000 (Doc. #10). Plaintiff sought the attachment because he felt Defendants were in default, had evaded service of process, had lied to the process server, and "would hide or put out [sic] reach their assets in order to avoid paying the judgments against them." (Doc. #10, p.2).

The Court denied Plaintiff's motion for default judgment. Plaintiff's motion is therefore moot to the extent it seeks attachment to satisfy a default judgment. Further, Plaintiff has not alleged an adequate factual basis for an attachment and has failed to meet the procedural requirements for a writ of attachment. *See* A.R.S. §§12-2403-04 & 12-1521. The Court therefore denies the motion for attachment.

Defendants have filed a motion for attorneys fees for the time involved in responding to the motion for attachment. The Court denies the motion for attorneys' fees without prejudice to refiling in accordance with Local Rule of Civil Procedure 54.2.

### E. Motion to Strike Attachment to Plaintiff's Reply filed 1/18/08

Defendants have filed a motion to strike an attachment to Plaintiff's reply in support of his motion for default judgment (Doc. #13). Rev. Papas attached a copy of email correspondence to his reply. Defendants argue this attachment contains confidential Rule 408 settlement discussions, which the Court should strike from the record.

Federal Rule of Evidence 408 governs the admissibility of settlement discussions at trial for certain purposes. While Rule 408 makes settlement discussions inadmissible at trial for certain uses, the Rule does not create a privilege for such discussions or prevent the discovery of such discussions. Because the settlement discussions are not privileged information, the Court will deny the motion to strike.

Accordingly,

IT IS ORDERED GRANTING IN PART AND DENYING IN PART Defendants'

Motion to dismiss, to strike, and for a more definitive statement (Doc. #7). The Court grants the motion to dismiss Counts VII & VIII, but denies the motion to dismiss Count VI. The Court grants the motion to dismiss Defendants Mr. Bercovici and Careful Movers with regard to any Carmack Amendment claims against them, but denies the motion in all other respects. The Court denies the motion to strike either Count I or Count II. The Court grants the motion for a more definitive statement of Counts III, IV, and V and sua sponte orders a more definite statement of Count VI.

IT IS FURTHER ORDERED that Plaintiff Rev. Papas shall file an Amended Complaint within ten days of the date of this Order. The Amended Complaint shall re-state and clearly set out Plaintiff's Counts against Defendants, other than the Counts dismissed by this Order.[4] If Plaintiff fails to file an Amended Complaint within the time allowed by this Order, the Clerk of the Court shall dismiss Plaintiff's case without further notice and enter judgment accordingly.

IT IS FURTHER ORDERED DENYING Plaintiff's motion to file documents electronically (Doc. #4).

IT IS FURTHER ORDERED DENYING Plaintiff's Motion for Declare Service Complete (Doc. #5).

IT IS FURTHER ORDERED DENYING Plaintiff's Motion to Amend/Correct to add Attachment (Doc. #10).

///

///

///

---

[4] A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat an original complaint as nonexistent. *Id.* Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS FURTHER ORDERED DENYING Defendants' Motion to Strike Plaintiff's Attachment (Doc. #13).

DATED this 1st day of July, 2008.

James A. Teilborg
United States District Judge